**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., | ) | |
| | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | Claim amount: $84,244.04 plus |
| | ) | prejudgment interest at the rate of |
| PRO STAR FREIGHT SYSTEMS INC., | ) | 12% per annum, and attorneys' fees |
| ARROW FREIGHT, INC., | ) | and costs |
| BK EXPRESS, LLC, | ) | |
| NIKOLA ZARIC and | ) | |
| BRATISLAV KOVACEVIC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff WELLS FARGO EQUIPMENT FINANCE, INC. ("Wells Fargo"), by and through its counsel, and for its Complaint against Defendants PRO STAR FREIGHT SYSTEMS INC. ("Pro Star"), ARROW FREIGHT, INC. ("Arrow"), BK EXPRESS, LLC ("BK Express"), NIKOLA ZARIC ("Zaric") and BRATISLAV KOVACEVIC ("Kovacevic") (collectively, the Defendants"),  states as follows:

## PARTIES

1.      Wells Fargo is a Minnesota corporation with its principal place of business at 733 Marquette Avenue, Suite 700, Minneapolis, MN 55402.

2.      Pro Star is an Illinois corporation with its principal place of business at 1325 W. Irving Park Road, Bensenville, IL 60106.

3.      Arrow is an Indiana corporation with its principal place of business at 1325 W. Irving Park Road, Bensenville, IL 60106.

1

4.    BK Express is a New Jersey limited liability company that is registered to do business in the State of Illinois.  Upon information and belief, its sole member is Kovacevic, a citizen of the State of Illinois.

5.    Zaric is a citizen of the State of Illinois residing at 3831 Ruby St., Apt. 414, Schiller Park, IL 60176.

6.    Kovacevic is a citizen of the State of Illinois residing at 311 Orchard St., Hillside, IL 60162.

## JURISDICTION

7.    Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Wells Fargo's claims occurred in this district.

## BACKGROUND

9.    On or about November 18, 2013, Wells Fargo, as lessor, and Pro Star, as lessee, entered into Trailer Lease No. XXX564 (the "Master Lease"), which contemplated the parties entering into separate lease schedules for the lease of equipment.  A true and correct copy of the Master Lease is attached hereto as Exhibit 1.

10.    On or about November 18, 2013, Wells Fargo, as lessor, and Pro Star, as lessee, entered into Supplement No. XXX564-100 (the "Supplement") pursuant to the Master Lease, for

the lease of equipment more specifically set forth therein. A true and correct copy of the Supplement is attached hereto as Exhibit 2.

11.     To induce Wells Fargo to enter into the Master Lease and Supplement, Arrow guaranteed Pro Star's obligations under the Master Lease and Supplement pursuant to a Continuing Guaranty (the "Arrow Guaranty"). A true and correct copy of the Arrow Guaranty is attached hereto as Exhibit 3.

12.     To induce Wells Fargo to enter into the Master Lease and Supplement, BK Express guaranteed Pro Star's obligations under the Master Lease and Supplement pursuant to a Continuing Guaranty (the "BK Express Guaranty"). A true and correct copy of the BK Express Guaranty is attached hereto as Exhibit 4.

13.     To induce Wells Fargo to enter into the Master Lease and Supplement, Zaric personally guaranteed Pro Star's obligations under the Master Lease and Supplement pursuant to a Continuing Guaranty (the "Zaric Guaranty"). A true and correct copy of the Zaric Guaranty is attached hereto as Exhibit 5.

14.     To induce Wells Fargo to enter into the Master Lease and Supplement, Kovacevic personally guaranteed Pro Star's obligations under the Master Lease and Supplement pursuant to a Continuing Guaranty (the "Kovacevic Guaranty"). A true and correct copy of the Kovacevic Guaranty is attached hereto as Exhibit 6.

15.     Pro Star failed to make the payments due under the Master Lease and Supplement (collectively, the "Leases").

16.     Arrow failed to make payments under the Arrow Guaranty.

17.     BK Express failed to make payments under the BK Express Guaranty.

18.     Zaric failed to make payments under the Zaric Guaranty.

19.     Kovacevic failed to make payments under the Kovacevic Guaranty.

20.     Failure to make timely payments is an Event of Default under the Master Lease and the Arrow Guaranty, BK Express Guaranty, Zaric Guaranty and Kovacevic Guaranty (collectively, the "Guaranties"). *See* Exhibit 1, ¶ 17; Exhibits 3-6.

21.     Upon the occurrence of an Event of Default, Wells Fargo is entitled to seek the balance owed under the Leases, return of the equipment leased under the Leases, repossession costs for the equipment, prejudgment interest of twelve (12%) per annum, and attorney's fees and court courts. *See* Exhibit 1, ¶ 18.

22.     Wells Fargo fully performed its obligations under the Leases and Guaranties.

23.     The remaining balance due to Wells Fargo under the Leases and Guaranties is $84,244.04, plus prejudgment interest at the rate of twelve percent (12%) per annum, plus attorneys' fees and costs.

## COUNT I - BREACH OF CONTRACT
## AGAINST PRO STAR FREIGHT SYSTEMS INC.

24.     Wells Fargo re-alleges and re-asserts Paragraphs 1 through 23 of its Complaint as though fully set forth herein.

25.     Pro Star defaulted under the Leases by failing and refusing to make payments when due. Therefore, Pro Star is indebted to Wells Fargo in the amount of $84,244.04 under the Leases, plus prejudgment interest at the rate of twelve percent (12%) per annum, plus attorneys' fees and costs.

WHEREFORE, Plaintiff WELLS FARGO EQUIPMENT FINANCE, INC. respectfully requests that the Court enter judgment in its favor and against Defendant PRO STAR FREIGHT

SYSTEMS INC. in the amount of $84,244.04, plus prejudgment interest at the rate of twelve percent (12%) per annum, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.

**COUNT II - BREACH OF CONTRACT**
**AGAINST ARROW FREIGHT, INC.**

26.     Wells Fargo re-alleges and re-asserts Paragraphs 1 through 25 of its Complaint as though fully set forth herein.

27.     Arrow defaulted under the Arrow Guaranty by failing and refusing to make payments when due. Therefore, Arrow is indebted to Wells Fargo in the amount of $84,244.04 under the Arrow Guaranty, plus prejudgment interest at the rate of twelve percent (12%) per annum, plus attorneys' fees and costs.

WHEREFORE, Plaintiff WELLS FARGO EQUIPMENT FINANCE, INC. respectfully requests that the Court enter judgment in its favor and against Defendant ARROW FREIGHT, INC. in the amount of $84,244.04, plus prejudgment interest at the rate of twelve percent (12%) per annum, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.

**COUNT III - BREACH OF CONTRACT**
**AGAINST BK EXPRESS, LLC**

28.     Wells Fargo re-alleges and re-asserts Paragraphs 1 through 27 of its Complaint as though fully set forth herein.

29.     BK Express defaulted under the BK Express Guaranty by failing and refusing to make payments when due. Therefore, BK Express is indebted to Wells Fargo in the amount of

$84,244.04 under the BK Express Guaranty, plus prejudgment interest at the rate of twelve percent (12%) per annum, plus attorneys' fees and costs.

WHEREFORE, Plaintiff WELLS FARGO EQUIPMENT FINANCE, INC. respectfully requests that the Court enter judgment in its favor and against Defendant BK EXPRESS, LLC in the amount of $84,244.04, plus prejudgment interest at the rate of twelve percent (12%) per annum, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.

## COUNT IV – BREACH OF GUARANTY AGAINST NIKOLA ZARIC

30.    Wells Fargo re-alleges and re-asserts Paragraphs 1 through 29 of its Complaint as though fully set forth herein.

31.    Zaric defaulted under the Zaric Guaranty by failing and refusing to make payments when due. Therefore, Zaric is indebted to Wells Fargo in the amount of $84,244.04 under the Zaric Guaranty, plus prejudgment interest at the rate of twelve percent (12%) per annum, plus attorneys' fees and costs.

WHEREFORE, Plaintiff WELLS FARGO EQUIPMENT FINANCE, INC. respectfully requests that the Court enter judgment in its favor and against Defendant NIKOLA ZARIC in the amount of $84,244.04, plus prejudgment interest at the rate of twelve percent (12%) per annum, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.

## COUNT V – BREACH OF GUARANTY AGAINST BRATISLAV KOVACEVIC

32.    Wells Fargo re-alleges and re-asserts Paragraphs 1 through 31 of its Complaint as though fully set forth herein.

33.    Kovacevic defaulted under the Kovacevic Guaranty by failing and refusing to make payments when due. Therefore, Kovacevic is indebted to Wells Fargo in the amount of

$84,244.04 under the Kovacevic Guaranty, plus prejudgment interest at the rate of twelve percent (12%) per annum, plus attorneys' fees and costs.

WHEREFORE, Plaintiff WELLS FARGO EQUIPMENT FINANCE, INC. respectfully requests that the Court enter judgment in its favor and against Defendant BRATISLAV KOVACEVIC in the amount of $84,244.04, plus prejudgment interest at the rate of twelve percent (12%) per annum, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.


WELLS FARGO EQUIPMENT FINANCE, INC.,

By:    /s/ Debra Devassy Babu

Debra Devassy Babu (ARDC # 06282743)
Askounis & Darcy, PC
444 N. Michigan Avenue, Suite 3270
Chicago, IL 60611
(312)784-2400 (t)
(312)784-2410 (f)
ddevassy@askounisdarcy.com